

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-25-2005

# Shi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4319

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Shi v. Atty Gen USA" (2005). *2005 Decisions.* Paper 352.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/352

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4319

BI LING SHI,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
BOARD OF IMMIGRATION APPEALS,
U.S. DEPARTMENT OF JUSTICE,
                    Respondents

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A77-977-673)

Submitted Under Third Circuit LAR 34.1(a)
September 29, 2005

Before:  RENDELL, FUENTES and WEIS, Circuit Judges.

(Filed: October 25, 2005 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

Petitioner Shi, Bi Ling ("Ling") challenges the order of the Board of Immigration Appeals ("BIA"), which affirmed the decision of the Immigration Judge ("IJ") to deny Ling's application for asylum, withholding of removal and protection under Article III of the Convention Against Torture. Our jurisdiction arises under 8 U.S.C. § 1252. For the reasons that follow, we will deny the petition for review.

## FACTS

Ling, a citizen of the People's Republic of China, came to the United States in August 2001. Under former counsel, Ling filed applications for asylum, withholding of removal and relief under Article III of the Convention Against Torture. The original asylum application specified that Ling suffered persecution because her cohabitation with a boyfriend in China led to her expulsion from school and orders to attend a birth control education camp. After obtaining current counsel, Ling supplemented her original application by claiming she was forced to undergo an abortion by Chinese authorities when she became pregnant during her relationship with her boyfriend. Ling allegedly became pregnant while underage and unmarried and thus was forced to abort her baby.

The IJ concluded that the original application was not fabricated, but questioned why the supplemental information regarding the pregnancy and forced abortion was not provided in the original application. Ling argues that she did not provide the information originally on the advice of the smugglers who helped her enter the United States and on the advice of her former counsel. The Government argues that when Ling realized that

2

her original application did not support relief, she supplemented the application with the abortion story because it would more likely support her claims. The Government also notes inconsistencies in Ling's story, including discrepancies in the name of the school she attended and the fact that her mother's letter to the court in support of her daughter's claim mentioned her expulsion from school and the orders to attend birth control education camp, but not Ling's supposed pregnancy and forced abortion.

In an oral decision, the IJ denied Ling's claims for relief, stating that her supplemental information lacked corroborating evidence to support her pregnancy and forced abortion story. Additionally, the IJ stated that even if Ling's testimony were true, her story would likely not support a claim for asylum. In a brief one-paragraph opinion, the BIA stated:

> We do not concur with the Immigration Judge's comments on whether the respondent would have a well founded fear if all parts of her testimony were believed (I.J. at 10-11). However, we agree with the Immigration Judge that the respondent has not established past persecution based on one of the five protected grounds under the Immigration and Nationality Act. In particular, she has failed to sufficiently corroborate those aspects of her claim in which it is reasonable to expect corroboration. See *Diallo v. INS*, 232 F.3d 279, 286 (2d Cir. 2000); *Abdulai v. Ashcroft*, 239 F.3d 542 (3d Cir. 2001). Accordingly, the appeal is dismissed.

BIA Opinion at App. 2.

## STANDARD OF REVIEW

Determining whether an asylum applicant has established past persecution or fear of future persecution is a factual determination by the court analyzed under a substantial

evidence standard. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). The court will uphold BIA or IJ findings "to the extent that they are supported by reasonable, substantial and probative evidence on the record considered as a whole, and will reverse those findings only if there is evidence so compelling that no reasonable factfinder could conclude as the BIA did." *Kayembe v. Ashcroft*, 334 F.3d 231, 234 (3d Cir. 2003). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(B).

Also, in immigration cases where the BIA adopts findings of the IJ and discusses some of the bases for the IJ's opinion, the court has the authority to review both the BIA and IJ opinions. *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004); *Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004); *see also Wang v. Attorney General of the United States*, No. 04-2866, 2005 U.S. App. LEXIS 20227, at *16 (3d Cir. Sept. 21, 2005) (reviewing IJ's opinion to extent that BIA relied on IJ opinion in the BIA's one-paragraph opinion). Therefore, in this case, we will look at the BIA and IJ opinions in tandem.

## DISCUSSION

Neither the BIA nor the IJ made an explicit adverse credibility finding. Minor inconsistences and discrepancies in an applicant's testimony and story do not support an adverse credibility finding. *Berishaj v. Ashcroft*, 378 F.3d 314, 323 (3d Cir. 2004). Rather, adverse credibility involves discrepancies that go to the heart of the asylum claim.

4

*Id.*[1]  There are discrepancies between Ling's asylum application and documentation that Ling submitted, but the IJ stated that the cited inconsistencies, such as where Ling attended school and the discrepancies between her household directory card and her asylum application, were not critical to the decision that she should not be granted relief. Rather, both the IJ and the BIA emphasized lack of corroboration as the reason for denying Ling relief.

An applicant may be required to provide corroborating evidence in certain situations. *See Abdulai*, 239 F.3d at 545 (holding BIA may "sometimes require otherwise-credible applicants for asylum or withholding of removal to present evidence corroborating their stories in order to meet their burden of proof").  The Court in *Abdulai* held that regulations that state that testimony of an applicant "if credible, may be sufficient to sustain the burden of proof without corroboration," 8 C.F.R. § 208.13, do not indicate that the BIA may never require corroborating evidence of otherwise credible testimony. *Abdulai*, 239 F.3d at 552.  This Court in *Abdulai* affirmed the BIA's rule in *In re SMJ* that corroborating evidence may be required if it is reasonable to expect

---

[1] The REAL ID Act has amended the credibility provisions 8 U.S.C. § 1158(b)(1) (the asylum statute) for applications filed after May 11, 2005.  Section 1158(b)(1)(B)(iii) now provides that the trier of fact should consider "the totality of the circumstances, and all relevant factors [listing factors] . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *See Zheng v. Gonzales*, 417 F.3d 379, 381 n.1 (3d Cir. 2005) (explaining change to credibility standard).  The section also adds a "rebuttable presumption of credibility on appeal" where no adverse credibility determination has been explicitly made.  Since this case was filed before May 11, 2005, the REAL ID standard does not apply.

corroboration and if it is reasonable to require such corroboration. In such cases, an applicant who can neither introduce evidence or offer a satisfactory explanation as to why the applicant cannot do so may fail to meet his or her burden of proof. *Id.* at 551.

In *Abdulai*, we approved of a three-part inquiry that the IJ should apply with regard to requiring corroborating evidence:

> (1) an identification of the facts for which 'it is reasonable to expect corroboration;' (2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if he or she has not, (3) an analysis whether the applicant has adequately explained his or her failure to do so.

*Id.* at 554 (citing In re S-M-J, Interim Decision 3303 (BIA 1997), *available at* 1997 WL 80984). We held in *Abdulai* that the BIA in that case did not adequately apply this three-part inquiry because it did not state the particular aspects of the alien's testimony that reasonably needed to be corroborated.

Corroboration is particularly important in this case because Ling added a supplemental affidavit discussing her pregnancy and forced abortion as the basis for her claim. Her original application did not mention these facts and was only based on her expulsion from school due to cohabiting with her boyfriend and being forced to attend birth control camp. Corroboration of her pregnancy and forced abortion is crucial to her asylum claims because her original claim was insufficient to grant her asylum. *See* IJ Opinion at App. 33 (stating that "the prior information was basically no claim at all").

The types of facts that generally should be corroborated are place of birth, media

6

accounts of large demonstrations, medical treatment documentation and "it is generally reasonable to expect applicants to produce letters from family members remaining in the applicant's home country." *Abdulai*, 239 F.3d at 554. The IJ did identify the facts in need of corroboration, namely that Ling had had a forced abortion and that presenting some evidence other than Ling's testimony regarding the forced abortion was something that Ling "could have done during the period of time that she was here in the United States, to try to help establish her claim, that she had a prior abortion." IJ Opinion at App. 38. Ling presented a letter from her mother supporting Ling's claim that she was expelled from school and forced to attend birth control classes and routine gynecological checkups. However, the letter did not discuss Ling's claims of a pregnancy and forced abortion. It is reasonable to expect Ling's claims to have been corroborated in her mother's letter.

The IJ also satisfied the second prong of the *Abdulai* test when the IJ explicitly stated that Ling failed to corroborate her abortion story. The IJ stated that no information was given, other than Ling's own real testimony, as to her pregnancy and abortion story. Although it was reasonable to expect Ling to corroborate the story, at least in her mother's letter, Ling failed to provide this documentary evidence.

Although the IJ satisfied the first two prongs of the *Abdulai* test, the IJ did not specifically discuss whether Ling had adequately explained her reason for not providing corroborating evidence required by the third prong of the test. Under *Abdulai*, if an

7

applicant does not offer "a satisfactory explanation as to why he or she cannot" offer corroborating evidence, the applicant may have failed to meet his or her burden of proof. *Abdulai*, 239 F.3d at 551. We cannot help but conclude that, although not specifically referenced, the IJ answered the third prong in the negative. The reason proffered by Ling for not providing corroborating evidence made no sense. At the IJ hearing, Ling was asked by opposing counsel why her mother's letter did not discuss Ling's pregnancy or forced abortion. Ling first stated that she did not know why her mother did not mention it in the letter. Ling then stated that her former counsel told her that her mother should not mention anything about the abortion in the letter since Ling did not mention it in her asylum application. When asked by opposing counsel why Ling did not obtain a letter from her mother after her new counsel supplemented her claim with her pregnancy and forced abortion, Ling responded that her new attorney told her that if the judge believed what she said in court, the judge would trust her and it was unnecessary to obtain another letter from her mother. This is not an adequate reason why Ling could not ask her mother to provide a corroborating letter. Moreover, the letter from her mother was of little relevance without corroboration of the forced abortion. To proceed with such a letter that did not refer to the forced abortion was to reinforce the notion that her initial story was false. Thus, not only did the letter not corroborate, but even worse, it detracted from her case.

Accordingly, we believe the agency's determination that, absent some

8

corroboration, Ling failed to meet her burden of proof, is supported by substantial evidence.  We will deny the petition for review.